O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE A. MAGALLANES, | ) | Case No. CV 09-658 DDP (SSx) |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| | ) | |
| v. | ) | |
| | ) | [Ocwen Loan Servicing's Motion to Dismiss filed February 9, 2009; Aurora Loan Servicing and Lehman Brothers Bank, FSB's Motion to Dismiss filed February 4, 2009] |
| OCWEN LOAN SERVICING, AURORA LOAN SERVICING, LEHMAN BROTHERS BANK, FSB, doing business in the State of California, DOES LENDER and DOES 1 to 100, | ) ) ) ) ) | |
| Defendants. | | |
| _____ | | |

   This matter comes before the Court on Motions to Dismiss filed by Defendants Ocwen Loan Servicing ("Ocwen"), Aurora Loan Servicing ("Aurora"), and Lehman Brothers Bank ("Lehman"). Aurora and Lehman filed their Motion to Dismiss on February 4, 2009. Ocwen filed its Motion to Dismiss on February 9, 2009. Because Plaintiff has neither filed an Opposition nor a Notice of non-Opposition to this Motion, the Court dismisses the Complaint without prejudice.

   Plaintiff Jose A. Magallanes filed his Complaint in state court on November 13, 2008. Plaintiff's Complaint asserts three

causes of action: wrongful foreclosure, predatory lending fraud, and breach of contract.  Plaintiff alleges that he acquired legal title to real property located at 2603 and 2605 East 130th Street in Compton, California 90222 in 2006.  Compl. ¶ 6.  Plaintiff alleges that in 2006 he also obtained a loan from the defendants for approximately $440,000.  Id. ¶ 7.  Plaintiff allowed the loan to fall into serious delinquency, and entered into negotiations with the defendants for the purpose of securing a loan workout or reinstatement.  Id. ¶ 8.  Plaintiff alleges that he was repeatedly promised a loan modification, but that the defendants refused to carry out the initial arrangement for modification and have now foreclosed on the home.  Id. ¶ 9.  In the First Cause of Action, Plaintiff alleges that the defendants breached duties under California Civil Code §§ 2823.6 and 2924 because they refused to communicate with Plaintiff as a borrower leading up to the trustee's sale of the property.  In the Second Cause of Action, Plaintiff alleges that the defendants committed fraud by violating a number of state and federal laws, including RESPA and the TILA.  In the Third Cause of Action, Plaintiff alleges breach of contract.

Defendants removed this action to this Court on January 28, 2009.  Defendants then filed Motions to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  As of the date of this Order, Plaintiff has not filed an opposition to either Defendant's Motion.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition or a statement of non-opposition to any motion at least fourteen (14) days prior to the date designated for the hearing of the motion.  See C.D. Cal. L.R.

7-9.[1]  The hearing date on these Motions is March 16, 2009. Plaintiff's Opposition or Statement of Non-Opposition was therefore due on March 2, 2009.  Plaintiff had not filed either such a statement by that date.  As of the date of this Order, Plaintiff has still not filed an Opposition to Defendants' Motions.  As far as the Court can tell, Plaintiff has also not filed an amended complaint that would make moot the Motions to Dismiss.  Because Plaintiff has not opposed this Motion, the Court dismisses Plaintiff's Complaint without prejudice.  Plaintiff shall file an amended complaint within 20 days of the date of this Order.

   IT IS SO ORDERED.

Dated: March 13, 2009

DEAN D. PREGERSON
United States District Judge

---

[1] Local Rule 7-9 reads in full:

> **L.R. 7-9 Opposing Papers**. Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial motion and not later than fourteen (14) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.